UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARVESTER J. JOHNSON, JR., Plaintiff, v. RON HARRIS, et al., Defendants. | Case No. 17-cv-04053-WHO (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Dkt. No. 30 |

**INTRODUCTION**

Plaintiff Larvester Johnson alleges that staff at Maguire Correctional Facility violated his Eighth and Fourteenth Amendment rights. Defendants move to dismiss the third amended complaint under Rule 12(b)(6) for failure to state a claim. Johnson cannot state an Eighth Amendment claim because he was a pretrial detainee during the events in question. And while the Third Amended Complaint shows that Johnson disagreed with the medical staff at Maguire's assessment that he was a suicide risk, that disagreement does not give rise to a claim of deliberate indifference—to the contrary, the allegations show that the staff met with and assessed him regularly, and if anything was over-protective of him. Accordingly, defendants' motion is GRANTED. The third amended complaint is DISMISSED with leave to amend. If Johnson wishes to file an amended complaint he must do so on or before **April 19, 2019**.

**DISCUSSION**

**A.  Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Dismissal is appropriate also when pleadings show a "lack of

1 cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."
2 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted). Pro se
3 pleadings must be liberally construed. *Id*. To state a claim under 42 U.S.C. § 1983, a plaintiff
4 must allege two essential elements: (1) that a right secured by the Constitution or laws of the
5 United States was violated, and (2) that the alleged violation was committed by a person acting
6 under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Background**

Johnson was booked into the Maguire Correctional Facility on May 29, 2017. Defendant Harris, a member of Maguire's mental health treatment team, conducted the standard inmate intake interview with Johnson which included a suicide risk assessment. (Third Am. Compl. (TAC), Dkt. No. 22 at 3). Although Johnson alleges that during this screening he did not show any signs of suicide risk, defendants found Johnson at a severe risk of committing suicide and required him to wear a suicide prevent outfit (Ferguson gown). (TAC, Dkt. No. 22 at 3-4.)

Johnson alleges that defendants' assessment resulted from the fact that he had gone to John George psychiatric facility in the past and did not have the support of family or friends. (*Id.* at 4.) The staff at Maguire assessed him as a suicide risk and recorded that he was suffering from bipolar disorder and schizophrenia, was not taking his psychiatric medications, had a prior suicide attempt, made statements of hopelessness about his life, and presented as tearful and hopeless. (Opp. to Mot. to Dismiss, Dkt. No. 38 at 16.) The staff made near daily assessments and reports on his mental health and evaluated him as being at severe suicide risk for several days. (TAC, Dkt. No. 22 at 4-5.) By June 5, 2017, he had been downgraded to a moderate suicide risk, was returned to the general population with his normal clothes, and was no longer required to wear the Ferguson gown. (*Id*. at 6.)

At some point between June 5 and July 24, 2017, an incident occurred that resulted in Johnson being placed back in the Ferguson gown and moved to segregated housing; he remained listed as a suicide risk. (*Id.*) He met with defendant Alvarez, a psychologist, on July 24, 2017 for an assessment. She informed him that he would need to continue wearing the Ferguson gown and that she took various factors into account to assess when he would no longer be considered a

2

suicide risk, such as his personal history and adjustment in jail. (TAC, Dkt. No. 22 at 6.)

Thereafter, Johnson was evaluated every 90 days to determine if he remained a suicide risk. (*Id*. at 7.) At his October 23, 2017 assessment, Johnson was still presenting some suicidal risk, and it was noted that he was not in compliance with his medication and mental health treatment plan. (*Id*.) He was encouraged to take his medications and follow jail policies. (*Id*.) When Johnson requested that defendant Alvarez no longer conduct his assessments because he believed she had lied in her reports in order to keep him listed as a suicide risk, his request was honored and his subsequent assessment was conducted by a different doctor. (*Id.* at 8-9.)

Johnson was assessed as no longer being a suicide risk on January 23, 2018, and no longer had to wear the Ferguson gown. (*Id*.)

## C. Legal Claims

Johnson alleges that Maguire staff violated his Eighth and Fourteenth Amendment rights.

### i. Eighth Amendment

Johnson alleges defendants violated his Eighth Amendment rights by deciding he was at risk of committing suicide and therefore making him wear a Ferguson gown. This claim will be dismissed because during the entire time period at issue, Johnson was a pretrial detainee. As a pretrial detainee Johnson was not protected under the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (a pretrial detainee is protected under the Due Process Clause of the Fourteenth Amendment, not under the Eighth Amendment). Accordingly, the Eighth Amendment claim is DISMISSED with prejudice.

### ii. Fourteenth Amendment

Johnson alleges that defendants violated his due process rights by incorrectly concluding that he was at risk of committing suicide and making him wear a Ferguson gown. He alleges that he never showed signs of any suicidal risk behavior when he was booked in the jail but that defendants did not allow him to wear his regular clothing despite his repeated requests, did not give him the medical records and copies of grievances that he requested, and that one defendant lied in her assessments of his mental health to keep him classified as a suicide risk when he was not at risk. (TAC, Dkt. No. 22 at 4, 6-10.)

Liberally construed, Johnson's allegations do not state a due process claim under the Fourteenth Amendment. To state a claim for failing to address his medical needs, Johnson would have to show that defendants acted with deliberate indifference. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017-18 (9th Cir. 2010) (claims under the Fourteenth Amendment that correction facility officials violated pretrial detainee's constitutional rights by failing to address medical needs are analyzed under a deliberate indifference standard). A plaintiff must show that "the official was (a) subjectively aware of the serious medical need and (b) failed adequately to respond." *Id*. at 1018 (internal quotations and citations omitted). Mere disagreement with defendant's medical judgment is insufficient to state a claim. *See Jackson v. McIntosh*, 90 F. 3d 330, 332 (9th Cir. 1996) ("[A] plaintiff's showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another [i]s insufficient, as a matter of law, to establish deliberate indifference.") (internal quotation marks omitted).

The allegations fail to state any facts that could conceivably show defendants failed to adequately respond to Johnson's medical needs. To the contrary, the defendants met with him periodically to assess his mental health, devised a medication and mental health treatment plan, and had him wear the Ferguson gown for the length of time that they felt was necessary for his own safety. If anything, Johnson's allegations show that defendants were overly cautious in ensuring that they protected his well-being by keeping him in the Ferguson gown until they were certain that he was not at risk of committing suicide.

To the extent that Johnson's allegations could be construed as a procedural due process claim under the Fourteenth Amendment, that claim also fails. A court presented with a procedural due process claim by a pretrial detainee should first ask if the alleged deprivation amounts to punishment and therefore implicates the Due Process Clause itself; if so, the court then must determine what process is due. *See, e.g., Bell v. Wolfish*, 441 U.S. 520, 537-38 (1979). Here, Johnson alleges no facts that would show that defendants expressed an intent to punish him by making him wear the Ferguson gown, not does he allege that he suffered any harm from their actions. Moreover, there is an appropriate alternative purpose for the gown — to prevent self-harm.

4

1 Johnson's allegations do not state a plausible claim under the Fourteenth Amendment.

2 Accordingly, this claim is DISMISSED, with leave to amend.

## CONCLUSION

Defendants' motion to dismiss is GRANTED. (Dkt. No. 30). The Eighth Amendment claim is DISMISSED with prejudice. Johnson's Fourteenth Amendment due process claim is DISMISSED with leave to amend.

If Johnson chooses to file an amended complaint, it must be filed on or before **April 19, 2019**. The amended complaint must include the caption and civil case number used in this order (17-cv-04053-WHO (PR)) and the words FOURTH AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, Johnson must include in his fourth amended complaint all the claims he wishes to present and all the defendants he wishes to sue. *See Ferdick v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint in accordance with this order will result in dismissal of all the claims in the complaint.**

Johnson's "Motion to be Reheard," which the Court construes as a motion to reconsider the Court's order denying appointment of counsel, is DENIED. (Dkt. No. 40.) This case does not present factual or legal issues that are so complex as to present "exceptional circumstances" that warrant the appointment of counsel. *See Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).

**IT IS SO ORDERED.**

Dated: March 12, 2019



WILLIAM H. ORRICK
United States District Judge